STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
CHRISTA HALL (CABN 328881)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7200
   FAX: (415) 436-7234
   Christa.Hall@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 22-MJ-70795 |
| Plaintiff, | **UNITED STATES' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PRETRIAL DETENTION** |
| v. | |
| ALEX MURILLO, | |
| Defendant. | |

On June 26, 2022, the government filed a memorandum in support of its motion for detention. *See* Dkt. No. 5. Defendant Alex Murillo's documented history of drug dealing is not limited to the crimes charged in this case. To the contrary, Murillo has an extended history of arrests in the Tenderloin and was on probation following a conviction based on those drug trafficking activities. The Pretrial Services Report, which recommends detention, is thorough but does not describe the details of Murillo's criminal history and arrest record beyond the name of the offenses initially charged. This supplemental memorandum briefly expands on the defendant's criminal history to further support the government's motion. *See* 18 U.S.C. § 3142(g)(3)(A) and (B) (court must consider "the history and characteristics of the person," including, among other things, criminal history and whether the person was on probation at

the time of the current offense).

The chart below summarizes Murillo's arrest history. Together, these arrests paint a picture of Murillo's steady efforts to distribute drugs in and around the Tenderloin District in San Francisco. The descriptions are based on SFPD incident reports that have been produced in discovery in this case.

| Date | Location (all in San Francisco unless otherwise noted) | Description |
|---|---|---|
| 3/7/2019 | Tenderloin District near Eddy and Polk Streets | Murillo sold an undercover officer a bindle of cocaine base. The officer searched Murillo incident to arrest immediately after the undercover buy resulted in SFPD seizing over 60 bindles of suspected cocaine base (18 grams gross), 25 bindles of suspected heroin (8.4 grams gross), and 10 twists of suspected cocaine salt (3.4 grams gross) as well as over $250 in cash (all quantities approximate). |
| 10/11/2019 | Tenderloin District on Eddy Street between Larkin and Polk Streets | SFPD officer observed Murillo engage in a hand-to-hand drug transaction. Officers also observed Murillo retrieve drugs from a backpack on the ground. Following Murillo's arrest, officers recovered approximately 3 bindles of suspected cocaine base (3 grams gross), 3 bindles of suspected heroin 1.3 grams gross), 1 baggie of suspected methamphetamine (3.8 grams gross), and plastic baggies. Officers also recovered over $500 in cash from Murillo's pockets. |
| 11/2/2019 | Tenderloin District near Eddy and Polk Streets | An SFPD officer observed Murillo kneel behind a parked car and then jaywalk as cars passed. A search of Murillo after this incident resulted in the recovery of 9 bindles of heroin, a baggie of suspected narcotics (white powder), and 15 wrapped baggies of cocaine base as well as over $200 cash. |
| 12/4/2019 | Tenderloin District on Eddy Street between Larkin and Polk Streets | An SFPD officer observed Murillo manipulating small pea-sized items in his hand on Eddy Street, indicating drug trafficking. Murillo tried to avoid the officer but was stopped and searched, resulting in the seizure of 6 bindles of suspected cocaine base (2.4 grams gross) and 3 bindles of heroin (1.1 grams gross). The officer also noted that Murillo had a 150-yard active stay-away order from 640 Eddy Street and was in clear violation of that order. Murillo initially provided an alias ("Brian Luis Alvarez") and false date of birth than his actual name and date of birth, which he admitted after he was placed under arrest. |
| 8/27/2020 | Oakland, California | During the execution of a search warrant at an address in Oakland associated with another suspected drug dealer, SFPD officers encountered Murillo exiting the residence. Officers recovered indicia of Alex Murillo and another individual (A.R.) that included a |

| | | |
|---|---|---|
| | | backpack containing 1 bindle of suspected heroin, 9 baggies of suspected methamphetamine, and 4 bindles of suspected cocaine base and over $220 in cash. A.R. stated the backpack belonged to him. During a search of a vehicle associated with A.R., officers found a backpack with suspected narcotics, including fentanyl (10 grams gross), cocaine base (135 grams gross), and methamphetamine (66 grams gross). In other rooms in the residence, officers found empty press lock baggies and over $400 in cash. |
| 10/6/2020 | Tenderloin District near Hyde and Grove Streets | Murillo sold an undercover officer two rocks of suspected cocaine base for $20. Search following the arrest after the buy resulted in seizure of over $1,000 in cash in a satchel that Murillo was wearing. The undercover deal began with an encounter at the top of the BART staircase. |
| 9/16/2021 | Tenderloin District near Market and 7th and 8th Streets | SFPD officers stopped Murillo in the Tenderloin because he matched a description of a suspect with a gun, and while a search of Murillo did not result in the seizure of a gun or drugs, officers concluded that Murillo had an outstanding failure to appear warrant and was in violation of a stay away order for the area of Hyde and Grove Streets. Location was near the Civic Center BART entrance. |
| 12/2/2021 | Tenderloin District in United Nations Plaza | Murillo sold an undercover officer suspected cocaine base. Based on the undercover officer's observations, the officer concluded that Murillo was working with a second individual holding Murillo's stash. After searching Murillo, officers located over $500 in cash. After searching the other individual, officers located suspected fentanyl (27.6 grams gross), suspected heroin (4.6 grams gross), suspected methamphetamine (9.5 grams gross), and suspected cocaine base (5 grams gross). |

In addition to these arrests, Murillo is on active probation in San Francisco and has been since his November 2020 conviction for accessory after the fact in violation of California Penal Code Section 32. Murillo also has been subject to multiple stay-away orders in the Tenderloin over that time period. Yet despite those conditions, Murillo's December 2021 arrest; the undercover buys charged in this case; and the results of the search warrant executed last week all show that Murillo has continued to commute to the Tenderloin's open-air drug market to sell dangerous drugs. These clear violations of his probation conditions and stay-away orders are "direct evidence" of Murillo's "unwillingness to abide by court

orders." *United States v. Sanchez*, No. 18-CR-00560-HSG, 2018 WL 6460323, at *3 (N.D. Cal. Dec. 9, 2018). Any release conditions, moreover, would only be as good as Murillo's "good faith compliance" with those conditions. *See United States v. Hir*, 517 F.3d 1081, 1092-93 (9th Cir. 2008). The evidence and conduct described in the complaint affidavit should leave the Court with no confidence whatsoever in Murillo's willingness to comply with any conditions of release.

Murillo's history also demonstrates his "continuing involvement with the distribution of drugs," and that history militates in favor of detention. *United States v. Wolf*, No. 5:15-CR-00263-EJD, 2015 WL 4573039, at *3 (N.D. Cal. July 29, 2015); *United States v. Fulgham*, Case No. CR 12–0124 CW (KAW), 2012 WL 2792439, at *4 (N.D. Cal. July 9, 2012) ("The Senate Report states: The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.' Defendant's tendency to repeatedly commit similar crimes shows that he poses an unmitigable danger to the community.").

Based on this history and the government's arguments in its original detention memorandum, Murillo should be detained as a significant danger to the community and as a significant flight risk.

DATED: June 29, 2022                     Respectfully submitted,

                                         STEPHANIE M. HINDS
                                         United States Attorney


                                         _____/s/_____
                                         CHRIS KALTSAS
                                         Assistant United States Attorney